

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 30, 1948

Hon. Wm. N. Hensley
Criminal District Attorney
Bexar County Court House
San Antonio, Texas

Opinion No. V-728

Re: The authority of the
Commissioners' Court
to issue time warrants
to finance improve-
ments at Bexar Coun-
ty Agricultural and
Livestock Exhibition
Building.

Dear Sir:

        Reference is made to your recent request in
which you included a letter to you from the Hon. Charles
W. Anderson, County Judge of Bexar County, which reads,
in part, as follows:

        "The Commissioners' Court respectful-
    ly requests that you ask the Attorney Gen-
    eral whether or not it is authorized to
    issue $115,000.00 of interest-bearing time
    warrants for the purpose of improving the
    grounds of the Bexar County Agricultural
    and Livestock Exhibition Building, includ-
    ing the landscaping, grading, leveling and
    filling thereof and the construction of
    walks, sidewalks, drives, parkways, curbs,
    drains, retaining walls, fencing and light-
    ing of said grounds.

        "The Court would like for you to sub-
    mit in your request for an opinion the fact
    that the County authorized $1,750,000.00 of
    Bexar County Permanent Improvement Warrants,
    Series C, 1946, dated January 15th, 1946,
    for the purpose of paying the contract price
    for constructing Agricultural and Livestock
    Exhibition Buildings for Bexar County, Texas,
    and purchasing the necessary sites thereof,
    and paying claims incurred for other neces-
    sary incidental expenses in connection there-
    with, and that a contract was let which has

taken practically all of those funds, leaving none for improving the grounds. Since there are no other funds available for the above stated purposes the Commissioners Court considers it necessary and desirable to issue additional warrants and would like to know whether, in the opinion of the Attorney General, it is authorized to do so under the Constitution and laws of the State of Texas, . . .

"I am attaching hereto a certified copy of the order of the Commissioners' Court of September 15th, 1948, authorizing the Warrants in question which you may transmit to the Attorney General for use by him in rendering an opinion."

For the purpose of this opinion, we assume that there are no legal obstacles to the issuance of said warrants; i. e., we assume that the assessed valuations of Bexar County would authorize such indebtedness, that no previous contract for these improvements has been entered into, and that the Bond and Warrant Law is complied with. Further it is expressly understood that we are not passing upon the sufficiency of the warrant proceedings had in this connection since we are not furnished with the transcript of the proceedings necessary for such issuance.

In your request you also included the order passed by the Commissioners' Court on August 30, 1948, which called for the issuance of warrants not only for the improvements to be made on the Bexar County Agricultural and Livestock Exhibition Building but also for the purchase and installation of a heating system in the Bexar County Training School for Girls. However, it is expressly understood that we are not passing upon the question of whether such warrant may be issued for the purchase of the heating plant in this opinion.

Article 2372d, V. C. S., is, in part, as follows:

"Section 1. All counties in the State acting by and through their respective Commissioners' Courts may provide for annual exhibits of horticultural and agricultural products, livestock and mineral products,

and such other products as are of interest to the community. In connection therewith, such counties may also establish and maintain museums, including the erection of the necessary buildings and other improvements, in their own counties or in any other county or city in the United States, where fairs or expositions are being held."

The authority of the county to issue warrants for the construction of these buildings and pay for same out of the Permanent Improvement Fund has been upheld by the court in the case of Adams v. McGill, 146 S.W.(2d) 332, error refused. Therefore, if the improvements inquired about in the opinion request are permanent improvements, it is clear that time warrants may be issued therefor. This Department has held in a hospital opinion V-701 that these types of improvements could be paid for with permanent improvement moneys. Since the contemplated improvements are a part of the original construction of the Exhibition Buildings, we believe there is no doubt but that the improvements inquired about in the opinion come within the scope of holding in the previous hospital opinion.

If the qualified voters do not want the additional warrants issued, they are not without a remedy. They have the right under Article 2368a, V. C. S. to file a referendum petition and require that the question of issuing such warrants be submitted to the voters of the county. There was no referendum petition filed at the time the original $1,750,000.00 worth of warrants were issued by the Commissioners' Court. If such remedy is not invoked within the statutory time limit, it is our opinion that the additional warrants may be issued for the purpose of making such improvements as submitted by you in your request.

## SUMMARY

The Commissioners' Court is authorized to issue additional warrants for the purpose of improving the grounds of the Bexar County Agricultural and Livestock Building. Art. 2372d, V. C. S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED:

Fagan Dickson
FIRST ASSISTANT
ATTORNEY GENERAL
BA:mw:bh:mw

By Bruce Allen
Bruce Allen
Assistant